IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRCT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW WINELAND | ) | CASE NO. 3:25-cv-02651-JJH |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE   JUDGE   JEFFREY   J. |
| vs. | ) | HELMICK |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | MAGISTRATE JUDGE |
| Defendant. | ) | JONATHAN D. GREENBERG |
| | ) | |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge pursuant to Loc. R. 72.2. (See Non-Document Order dated December 5, 2025.) On January 27, 2026, Defendant Commissioner of Social Security filed a Motion to Dismiss Untimely Complaint, or, Alternatively, Motion for Summary Judgment (the "Motion"). (Doc. No. 5.) The undersigned ordered Plaintiff to file his Brief in Opposition by close of business (5:00 p.m.) on March 3, 2026. (See Non-Document Order dated January 28, 2026.) On March 17, 2026, the undersigned ordered Plaintiff to show cause, in writing, by March 31, 2026, why the Motion should not be construed as unopposed and granted for the reasons stated in the Motion, and specified that failure to comply with the order would result in a Report and Recommendation recommending that Defendant's Motion be granted and Plaintiff's Complaint be dismissed. (See Doc. No. 6.) To date, Plaintiff has not filed a response to the Motion and failed to comply with the Show Cause Order. For the reasons that follow, the undersigned recommends that Plaintiff's Complaint be dismissed for lack of prosecution or, in the alternative, that Defendant's Motion to Dismiss be granted pursuant to Fed.R.Civ.P. 12(b)(6).

"Plaintiff's failure to prosecute this matter and to obey an Order of the Court warrants dismissal of this case pursuant to Fed.R.Civ.P. 41(b)." *Crooms v. Colvin*, No. 1:12-CV-731, 2013 WL 5521954, at *1 (S.D. Ohio Oct. 3, 2013), *report and recommendation adopted sub nom. Crooms v. Comm'r of Soc. Sec.*,

1

No. C-1-12-731, 2013 WL 6181453 (S.D. Ohio Nov. 26, 2013), citing *Jourdan v. Jabe,* 951 F.2d 108, 109–10 (6th Cir.1991). District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); s*ee also Jourdan,* 951 F.2d at 109. Though plaintiff is proceeding pro se, as stated by the Supreme Court, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). Accordingly, the undersigned recommends that Plaintiff's case be dismissed for want of prosecution and for failure to obey a Court Order.

In the alternative, the undersigned finds that dismissal of Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6) is warranted. The Social Security Act imposes a 60-day time limit for seeking judicial review of unfavorable agency decisions. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review on September 26, 2025. (See Doc. No. 5-1 at ¶3(a) and Exhibit 2.) Plaintiff did not state when he received the Appeals Council's notice dated September 26, 2025, but is presumed to have received it within five days from the date on the notice; therefore, he is presumed to have received it by October 1, 2025. To comply with the Social Security Act's 60-day time limit, Plaintiff would have had to file his complaint by December 1, 2025. However, he did not file his complaint until December 5, 2025 (Doc. No. 1).

The 60-day limitation is jurisdictional and cannot be waived. *Biron v. Harris,* 668 F.2d 259, 260–61 (6th Cir.1982) (per curiam). In *Biron,* the Sixth Circuit upheld the 60-day time limitation. *See also Hallett v. Secretary of Health and Human Services,* 35 F.3d 565, 1994 WL 443468, ——1 (6th Cir.1994) (concluding that the district court lacked jurisdiction to review the Secretary's decision because Hallett did not file a complaint within 60 days from the date of the Secretary's final administrative action); *Charleston*

2

*v. Secretary of Health and Human Services,* 14 F.3d 600, 1993 WL 514100, ——1 (6th Cir.1993) (holding that the district court lacked jurisdiction to review the Secretary's decision because plaintiff did not file a complaint within 60 days from the date of the Secretary's final administrative decision).

This Court has strictly applied the 60-day time limitation. *In Winkelman v. Comm'r of Soc. Sec.,* 2012 WL 1684602 (N.D.Ohio 2012), this Court dismissed a complaint that was filed one day late, noting that "the Sixth Circuit has admonished that strict adherence to [the] filing requirement is necessary to ensure the efficient disposition of [Social Security] cases." *Id.* (quoting *Cook v. Comm'r of Soc. Sec.,* 480 F.3d 432, 437 (6th Cir.2007)); *see also Crooms*, 2013 WL 5521954, at *1–2 (recommending dismissal when complaint was filed four days after the 60-day time limitation). *See also O'Neill v. Heckler,* 579 F.Supp. 979 (E.D.Pa.1984) (holding that where the complaint was filed one day late, the court was without jurisdiction to review the decision of the Secretary).

Accordingly, the undersigned recommends that Plaintiff's case be DISMISSED for want of prosecution and for failure to obey an Order of the Court or, alternatively, Defendant's Motion to Dismiss (Doc. No. 5) be GRANTED.

IT IS SO ORDERED.


Date:  July 29, 2026                              *s/ Jonathan Greenberg*
                                                 Jonathan D. Greenberg
                                                 United States Magistrate Judge


**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.  *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).**

3